IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN RAMIREZ Individually and on behalf of other employees similarly situated | § § § § | |
| Plaintiff | § § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-204 |
| CORDUA RESTAURANTS INC. and MICHAEL J. CORDUA | § § § § | JURY TRIAL DEMANDED |
| Defendants | § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Now comes STEVEN RAMIREZ, ("Plaintiff") on behalf of all others similarly-situated, and complains of CORDUA RESTAURANTS INC. and MICHAEL J. CORDUA ("Defendants") and for cause of action would show the Court as follows:

**I.
INTRODUCTION**

1. Plaintiff brings a collective action filed under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* (FLSA) and the Texas Minimum Wage Act ("TMWA"), Tex Lab. Code §62.001 et seq., to correct unlawful employment practices, including Defendants' failure to abide by wage and hour laws. This collective action seeks to recover unpaid minimum and overtime wages and other damages owned by the Defendants to its current and former employees.

2. Plaintiff seeks declaratory relief, back pay and liquidated damages, attorney's fees, and taxable costs of court, pursuant to 29 U.S.C. §216(b), for Defendants' willful failure to pay overtime to Plaintiff and all others similarly-situated, in the course of their employment with the Defendants.

1

3. Accordingly, Plaintiff brings this action on behalf of himself and other employees similarly-situated.

## II.
## JURISDICTION AND VENUE

4. The Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §201 *et. seq*. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331. This Court can exercise supplemental jurisdiction over the Texas Minimum Wage Act, Tex Lab. Code §62.001 et seq., under 28 U.S.C. § 1367(a) because the minimum wage claim under the FLSA and TMWA claims form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas. Venue is also proper in the Southern District of Texas because Defendants have their principal place of business in Texas and in the Southern District of Texas.

## III.
## PARTIES

6. Plaintiff STEVE RAMIREZ is an individual residing in Harris County, Texas.

7. Defendant CORDUA RESTAURANTS INC., is a business in the State of Texas and is doing so for the purpose of accumulating monetary profit. Defendant may be served by serving its registered agent Michael J. Cordua at 2411 Fountain View, Suite 101, Houston, TX 77057.

8. Defendant MICHAEL J. CORDUA is an individual residing in Texas and may be served with process at his place of residence: 3 Saddlewood Estates Dr., Houston, Texas 77024.

## IV.
## COVERAGE OF THE FLSA

9. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

10. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11. Furthermore, Defendants have had, and continues to have, an annual gross business volume in excess of the statutory standard.

12. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

13. Defendant Michael J. Cordua is the owner, president, and manager of the Churrascos' restaurants.

14. Defendant Michael J. Cordua controlled the nature, pay structure, and employment relationship of the Plaintiffs and Class Members.

15. Further, Defendant Michael J. Cordua had, at all times relevant to this lawsuit, the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, he was responsible for the day-to-day affairs of

the restaurants. In particular, he was responsible for determining whether the restaurants complied with the Fair Labor Standards Act.

16. As the owner and manager of Cordua Restaurants LLC d/b/a Churrascos, Michael J. Cordua employed the Plaintiff and Class Members as server employees.

17. As such, pursuant to 29 U.S.C. § 203(d), Defendants Michael J. Cordua acted directly or indirectly in the interest of Plaintiffs' and Class Members' employment as their employer, which makes him individually liable under the FLSA.

## V.
## FACTS

18. At all times relevant to this action, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.* and the Texas Minimum Wage Act ("TMWA") Tex Lab. Code §62.001 et seq.

19. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

20. Defendants operate various highend South American Steakhouse Restaurants throughout Houston, Texas under the name Churrascos.

21. Said Texas locations include, but are not limited to their (1) Sugarland, (2) Champions, (3) River Oaks, (4) West Chase, and (5) Memorial City.

22. Defendants employ servers to provide wait staff services to its restaurant patrons.

23. Plaintiff currently works as a server at Defendants' restaurant at the River Oaks location (2055 Westheimer @ Shepherd, Houston, Texas 77098). He has worked there for approximately 2 years.

4

24. Defendants pay its servers at an hourly rate below minimum wage plus tips. By paying Plaintiff and Class Members less than the minimum wage per hour, Defendants are taking advantage of a tip credit which allows Defendants to include in its calculation of wages a portion of the amounts that Plaintiff received as tips.

25. Defendants violated the FLSA when it failed to notify each tipped employee about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendants' servers were never made properly aware of how the tip credit allowance worked or what the amounts to be credited were. Furthermore, Defendants required Plaintiff and Class Members to deduct money from their tips when food was either misordered or returned by customers.

26. Because the Defendants violated the FLSA's tip credit notification and tip credit requirements, Defendants lose the right to take a credit toward its minimum wage obligations.

27. Furthermore, Defendants required that the Plaintiff and its servers work off of the clock / without pay when attending mandatory weekly seminars and bi-weekly meetings.

28. In addition, the Defendants paid the servers $2.13 an hour to spend a substantial amount of time (in excess of 20 percent) performing non-tip duties such as general preparation work or maintenance. As such, the Plaintiff and servers were not compensated at the federally mandated minimum wage.

29. As nonexempt employees, Plaintiff and similarly situated employees were entitled to minimum wage and overtime at one-and-one half times minimum wage for all hours worked in excess of forty in a workweek.

30. Defendants failed to pay the Plaintiff and similarly situated employees minimum wage for all hours worked in violation of the FLSA and TMWA.

31. Defendants' practice of failing to pay minimum wage and overtime compensation violated the FLSA. Defendants knew or showed reckless disregard for whether its actions violated the FLSA and TMWA.

32. Defendants also failed to keep wage and hour records in accordance with the FLSA's record keeping requirements. Specifically, Defendants failed to maintain the number of hours worked per week by Plaintiff and similarly situated employees.

33. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers ...." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

34. The FLSA allows employers to pay less than the minimum wage to employees who receive tips by taking a tip credit pursuant to Section 203(m) of the FLSA. *See* 29 U.S.C. § 203(m). In order to take a tip credit, an employer must inform the employee of (a) the amount of the cash wage that is to be paid to the tipped employee by the employer; (b) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer; (c) that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee; (d) that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (e) that the tip credit will not apply to any

tipped employee unless the employee has been informed of these tip credit provisions. *See* 29 C.F.R. § 531.59.

35. Defendants violated the FLSA by failing to inform its servers of the tip credit in the manner required by Section 203(m) and 29 C.F.R. § 531.59. An employer who fails to provide the required information cannot use the tip credit provisions and therefore must pay the tipped employee at least $7.25 per hour in wages and at least $10.88 in overtime wages.

## VI.
## CLASS ALLEGATIONS

36. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

37. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. Specifically, Plaintiff worked with other servers at Defendants' restaurant. These employees have reported that they were subject to the same illegal pay practice described above. Such other employees have also expressed an interest in joining this lawsuit.

38. Other employees similarly situated to the Plaintiff, work or have worked as servers for Defendants' restaurant, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek. Furthermore, these same employees were denied pay at the federally-mandated minimum wage rate.

39. Defendants took a tip credit against its minimum wage obligations for the Plaintiff and Class Members. Defendants also required Plaintiff and Class Members to

deduct money from their tips when food was either misordered or returned by customers. Finally, Defendants failed to notify the Plaintiff and Class Members regarding the tip credit as required by the FLSA.

40. Although Defendants permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendants have also denied them full compensation at the federally mandated minimum wage rate.

41. The Class Members perform or have performed the same or similar work as the Plaintiff.

42. Class Members regularly work or have worked in excess of forty hours during a workweek.

43. Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

44. As such, Class Members are similar to the Plaintiff in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

45. Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

46. The experiences of the Plaintiff, with respect to his pay, are typical of the experiences of the Class Members.

47. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

48. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

49. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

50. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members.

51. Due to the inherent nature of Defendants' tip credit and tip pool policies, all of Defendants' employees subject to a tip credit are similarly situated with respect to the violation.

52. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> All current and former servers employed by Cordua Restaurants Inc., or at any time during the three (3) years immediately preceding the filing of this lawsuit to present.

## VII.
## UNPAID OVERTIME COMPENSATION

53. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

54. Plaintiff routinely worked more than forty (40) hours per week for Defendants, and reported these overtime hours accurately.

55. However, Defendants refused to pay Plaintiff for more than forty hours per week. Defendants instructed Plaintiff's supervisors to alter the records of Plaintiff's hours of work to make it appear that Plaintiff did not work overtime.

56. Defendants paid Plaintiff at an hourly rate, but paid no compensation for any hours after the first forty (40) in each week.

57. Defendants failed to accurately record all of the hours in which Plaintiff worked.

58. Plaintiff was a non-exempt employee.

59. Defendants have not made a good faith effort to comply with the FLSA. Rather, the Defendants knowingly, willingly, and/or with reckless disregard carried out its illegal pattern or practice regarding minimum wages and overtime compensation.

60. Plaintiff and the Plaintiff's Class are entitled to recover attorneys' fees and costs of this action as provided by the Fair Labor Standards Act, 29 U.S.C. §216(b).

## VIII
## FLSA AND TMWA MINIMUM WAGE VIOLATION

61. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

62. Defendants' practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206 and the TMWA.

63. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff.

## IX
## FLSA TIP CREDIT NOTICE VIOLATION

64. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

65. Defendant's practice of failing to properly notify each tipped employee about the tip credit allowance before the credit was utilized violates the FLSA. 29 U.S.C. § 203(m); *see also* 29 C.F.R. § 531.59. It is not sufficient that employees "be aware of the tip credit provisions." *Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 724 (W.D. Tex. 2010). "Rather, Section 203(m) affirmatively requires employers to inform employees of the provisions contained in section 203(m)." *Id*.

66. Because Defendant violated Section 203(m) and 29 C.F.R. § 531.59, Defendants loses the right to take a tip credit toward its minimum wage and overtime requirements. "What the Congress has said, in effect, to restaurant employers is that, if you precisely follow the language of 3(m) and fully inform your employees of it, you may obtain a 50 percent credit from the receipt of tips toward your obligation to pay the minimum wage. The corollary seems obvious and unavoidable: if the employer does not follow the command of the statute, he gets no credit." *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977).

## X.
## JURY DEMAND

67. The Plaintiff hereby demands a jury trial.

## XI.
## PRAYER

WHEREFORE, the Plaintiff requests that this Court award him and the Plaintiff Class judgment against Defendants for the following relief:

a. A declaration that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. 207, by failing to pay Plaintiff and all other similarly-situated employees' overtime pay at one and one half times their regular hourly rate for all hours in excess of forty (40) worked during each seven-day work period.

b. Damages for the full amount of their unpaid overtime compensation;

c. All unpaid wages at the FLSA mandated minimum wage rate;

d. An equal amount as liquidated damages;

e. Reasonable attorneys fees, costs, and expenses of this action;

f. Such other and further relief as may be allowed by law.

Respectfully submitted,

TRAN LAW FIRM L.L.P.

/S/Trang Q. Tran
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
9801 Westheimer Rd., Suite 302
Houston, Texas 77042
(713) 223-8855 Telephone
(713) 623-6399 Facsimile

**ATTORNEY FOR PLAINTIFF AND CLASS MEMBERS**